IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARGUERITE LOUISE RICHARDS BROOKS, AIS #171716, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 2:18-CV-649-WKW ) |
| MUSIC PRODUCER CLIOTHA RELEIGH BROOKS, et al., | ) ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Marguerite Louise Richards Brooks, a state inmate and frequent federal litigant.[1] In the instant complaint, Brooks alleges that members of the victim's family subjected her to harassment from the time of her arrest in 1992 continuing through the state court criminal proceedings which concluded in February of 1993. Doc. 1 at 3. Brooks also appears to challenge actions undertaken by state court officials during criminal proceedings before the courts of Montgomery County, Alabama. Finally, Brooks challenges general conditions to which she has been subjected throughout her twenty-five years of confinement in the Alabama prison system.

**II. DISCUSSION**

Upon initiation of this case, Brooks filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). Doc. 2. However, 28 U.S.C. § 1915(g) directs that

---

[1]Brooks is currently incarcerated at the Birmingham Community Work Center.

a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if she "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2]

The records of this court establish that Brooks, while incarcerated or detained, has on at least four occasions had civil actions dismissed pursuant to the provisions of § 1915 as frivolous, malicious, for failure to state a claim upon which relief may be granted or for asserting claims against defendants immune from suit. The cases on which this court relies in finding a § 1915(g) violation by Brooks are:  (1) *Brooks v. Siegelman, et al.*, Case No. 2:01-CV-569-ID-SRW (M.D. Ala. 2001); (2) *Brooks v. Gordon, et al.*, Case No. 01-CV-516-MHT-SRW (M.D. Ala. 2001); (3) *Brooks v. James, et al.*, Case No. 2:01-CV-228-ID-SRW (M.D. Ala. 2001); and (4) *Brooks v. James, et al.*, Case No. 2:01-CV-196-WHA-SRW (M.D. Ala. 2001).

As Brooks has three strikes, she may not proceed *in forma pauperis* in this case unless she was "under imminent danger of serious physical injury" at the time she filed the complaint.  28 U.S.C. § 1915(g).  In determining whether a plaintiff satisfies this

---

[2]In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."  The Court further determined that the language of § 1915(g) makes it clear that the three strikes provision applies to claims dismissed prior to the effective date of the PLRA and, therefore, does not violate the Ex Post Facto Clause. *Id*. at 728–30; *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).  In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."  549 U.S. at 216, 127 S.Ct. at 921.

burden, "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Niebla v. Walton Correctional Inst.*, 2006 WL 2051307, *2 (N.D. Fla. July 20, 2006) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)); *Skillern v. Paul*, 202 F. App'x 343, 344 (11th Cir. 2006) (holding that vague allegation challenging adequacy of medical treatment for heart condition did "not satisfy the dictates of § 1915(g)."); *Margiotti v. Nichols,* 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006) (holding that allegations regarding treatment provided for "an ongoing medical condition that [plaintiff] concedes is already a permanent handicap or deformity . . . is not the type of serious injury" which entitles plaintiff "to avoid the bar of § 1915(g), as they do not establish that he is under ***imminent*** danger of ***serious*** injury.") (internal citation omitted) (emphasis in original); *Ball v. Allen*, 2007 WL 484547, at *2–3 (S.D. Ala. Feb. 8, 2007) (finding general allegations regarding a myriad of conditions, including claims of deliberate indifference, insufficient to satisfy the imminent danger exception and deeming "Plaintiff's allegation that there is 'imminent danger to Plaintiff's health and well being,' is a conclusory allegation that merely demonstrates 'that plaintiff is a seasoned vexatious litigant who has read 28 U.S.C. § 1915(g) and is manipulating it to serve his ends.'").

     "The plaintiff must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious

3

physical injury, and vague allegations of harm and unspecific references to injury are insufficient." *Niebla*, *supra*. (internal quotations omitted) (citing *Martin*, 319 F.3d at 1950 and *White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998)); *Abdullah v. Migoya*, 955 F. Supp.2d 1300, 1307 (S.D. Fla. 2013) ("A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed."). Neither conclusory allegations that overcrowding and understaffing create a potential for violence among inmates nor general allegations that the defendants acted with deliberate indifference to basic human needs and inmate safety are sufficient to establish that plaintiff "was under 'imminent danger of serious physical injury' at the time he filed this action." *May v. Myers*, 2014 WL 3428930, at *2 (S.D. Ala. July 15, 2014); *Jemison v. White*, 2012 WL 3028061, at *2 (S.D. Ala. June 18, 2012) (conclusory allegations regarding conditions of confinement, i.e., lack of adequate exercise, unsanitary cells and eating area, insufficient living space, inadequate cooling and ventilation, and lack of reasonable measures to ensure inmate's health and safety, do not demonstrate "that plaintiff was 'under imminent danger of serious physical injury' at the time he filed the complaint.").

In addition, numerous district courts, including the United States District Court for the Southern District of Alabama and the United States District Court for the Northern District of Florida, have adopted the Second Circuit's determination that "an adequate nexus must exist between the claims plaintiff seeks to pursue and the imminent danger he alleges. *Pettus v. Morgenthau*, 554 F.3d 293, 296, (2d Cir. 2009) (finding that the exception to § 1915(g) was not satisfied because the nexus was too attenuated between

the defendants associated with plaintiff's conviction and the alleged imminent danger of serious physical injury arising from his incarceration that was based on the denial of medication and being 'surrounded by hostile, aggressive, violent inmates who beat, rob, assault, extort, and sexually abuse him.'" *May v. Barber*, 2016 WL 1735556, at *2 (S.D. Ala. Mar. 24, 2016); *Cole v. Ellis*, 2015 WL 6407205, at *1 (N.D. Fla. Sept. 3, 2015), Report and Recommendation adopted as opinion of the court, 2015 WL 6394506 (N.D. Fla. Oct. 22, 2015) (holding that in addition to showing an imminent danger of serious physical injury "there must be an adequate nexus between the imminent danger alleged and the legal claims asserted in the prisoner's complaint."); *Ball v. Hummel*, 577 F. App'x 96, 96 n.1 (3rd Cir. 2014) (recognizing that to satisfy the imminent danger requirement of § 1915(g) a prisoner must demonstrate an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges) (citing *Pettus*, 554 F.3d at 296); *see also Stine v. Fed. Bureau of Prisons Designation and Sentence Computation Unit*, 571 F. App'x 353, 354 (5th Cir. 2014) (finding that the plaintiff failed to establish imminent danger arising from claims of inadequate protection by federal prison officials in Colorado and further noting he "also failed to plausibly plead any connection between the alleged imminent danger in Colorado and his [pending] claims against BOP defendants in Texas[.]"); *cf. Barber v. Krepp*, 2017 WL 694489, at *3 (11th Cir. Feb. 22, 2017) (acknowledging "the Second Circuit has concluded that, in order to fall within the 'imminent danger' exception to § 1915(g), the prisoner must demonstrate a 'nexus' between the physical injury he fears and the claims in his complaint, *Pettus*, [554 F.3d at 297,]" but declining to decide "whether § 1915(g)'s 'imminent danger' exception

5

requires proof of such a nexus" because, even if it does, a nexus existed between the assertion of imminent harm and the claim presented in the complaint).

The court has thoroughly reviewed the claims presented by Brooks regarding harassment by the victim's family members, actions taken by state court officials during the criminal proceedings for murder and various prison conditions — i.e., lack of cleanliness, inadequate safety measures and disruption of sleep — and finds these allegations fail to demonstrate that Brooks was "under imminent danger of serious physical injury" at the time of filing this cause of action as is required to meet the exception to application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir.1999) (holding that a prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present "imminent danger of serious physical injury" to circumvent application of the "three strikes" provision contained in 28 U.S.C. § 1915(g).); *Martin*, 319 F.3d at 1050 (holding that general or conclusory allegations regarding conditions are not sufficient to establish the requisite imminent threat of serious physical harm); *Abdullah*, 955 F. Supp. at 1307 (finding that to establish requisite imminent danger, a plaintiff must present "specific allegations of imminent danger indicating that a serious physical injury will result if his claims are not addressed."); *May*, 2014 WL 3428930, at *2 (finding that general allegations challenging the constitutionality of conditions and actions of the defendants are insufficient to invoke the imminent danger exception); *Jemison*, 2012 WL 3028061, at *2 (finding that conclusory allegations challenging conditions of confinement do not warrant relief under the imminent danger exception); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)

6

(holding that imminent danger exception to § 1915(g)'s three strikes rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). To hold that amorphous conditions of confinement render an inmate in "imminent danger of serious physical injury" would eviscerate the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Consequently, under these circumstances, Brooks cannot avoid the "three strikes" bar of 28 U.S.C. § 1915(g).

In light of the foregoing, the court concludes that the motion for leave to proceed *in forma pauperis* filed by Brooks is due to be denied and this case summarily dismissed without prejudice as Brooks failed to pay the requisite filing fee upon initiation of this case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for leave to proceed *in forma pauperis* filed by the plaintiff (Doc. 2) be DENIED.

2. This case be dismissed without prejudice for the plaintiff's failure to pay the filing fee upon the initiation of this case.

On or before **July 27, 2018**, the plaintiff may file objections to the Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 13th day of July, 2018.

                                  /s/ Charles S. Coody
                          UNITED STATES MAGISTRATE JUDGE